## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Eddie Sanchez, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 19-cv-4139 |
| v. | ) ) Hon. Judge Marvin E. Aspen |
| Thomas Dart, Nneka Jones Tapia, Matthew Burke, Tarry Williams, Jeff Johnsen, Lt. Greer, CO B. Jefferson, CO Perry, CO Llerenas, CO Medina, CO Monroy, Cook County of Illinois, and John and Jane Does, | ) ) ) Mag. Judge S. Schenkier ) ) ) ) |
| Defendants. | ) ) |

## AMENDED COMPLAINT

Plaintiff, Eddie Sanchez ("Sanchez" or "Plaintiff"), through his appointed attorney, Juris Kins, hereby submits his Amended Complaint against the Defendants Thomas Dart, Nneka Jones Tapia, Matthew Burke, Tarry Williams, Jeff Johnsen, Lt. Greer, CO B. Jefferson, CO Perry, CO Llerenas, CO Medina, CO Monroy, Cook County of Illinois, and John and Jane Does, both in their individual and official capacities while acting under color of law, and states as follows:

### NATURE OF THE ACTION

1. Sanchez was a pretrial detainee at Cook County Jail ("Jail") from October 2016 to May 2018. Sanchez complains that Defendants assaulted him and confiscated and destroyed his personal property in retaliation for Sanchez cooperating with Cook County Sheriff's Office as an informant about an illegal contraband and drug ring operated by members of the Jail staff and another detainee. ("Drug Ring")

2. In agreeing to be a confidential informant and in fear for his safety, Sanchez was promised by Defendants Tapia, Burke, Williams, and Johnsen to be kept safe and be transferred

from the Jail if necessary. Sanchez also obtained two court orders ordering his transfer out of the Jail. Defendants failed to keep Sanchez safe from harm and refused to transfer Sanchez out of the Jail, resulting in bodily harm and injuries to Sanchez.

3. Sanchez alleges that Defendants' conduct violates his substantive due process rights protected by the Fourteenth Amendment to the Constitution of the United States, his freedom of speech protected by the First Amendment, and his civil rights protected by 42 U.S.C. § 1983 for failure of the duty to protect him as a pretrial detainee and for retaliation.

4. Defendants retaliated for Sanchez cooperating in the investigation of the Drug Ring and failed to protect him while he was in their custody despite their duty to do so.

5. The court granted Sanchez's motion for leave to proceed *in forma pauperis* by order dated June 24, 2019. On September 3, 2019, the court requested the undersigned counsel to represent Sanchez in accordance with counsel's trial bar obligations under the Court's Local Rules.

6. Plaintiff seeks compensatory and punitive damages.

## JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the Constitution of the United States.

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to Sanchez's claims occurred at Cook County Jail, Illinois, located in the Northern District and, upon information and belief, the individual Defendants reside in the Northern District.

## PARTIES

9. Sanchez was a pretrial detainee in Cook County Jail, located in Cook County, State of Illinois, at the time of the injuries and claims. At various times he was housed in Divisions VI,

VIII RTU, IX and X. He is currently incarcerated at the Danville Correctional Center, Danville, Illinois.

10. Defendant Thomas Dart at all times relevant to this complaint was the Sheriff of Cook County Illinois in the Cook County Department of Corrections ("CCDOC") and was ultimately responsible for administration and implementation of the policies, practices and/or customs of the Jail, and was responsible and obligated to supervise the conduct of the officers and staff at the Jail, to investigate and end the ongoing operation of the Drug Ring, and to prevent harm to Sanchez.

11. Defendant Nneka Jones Tapia at all times relevant to this complaint was employed as the Executive Director of the CCDOC, Cook County Sherriff's Office and was responsible for implementation of the policies, practices and/or customs of the Jail and obligated to supervise the conduct of the officers and staff at the Jail, to investigate and end the ongoing operation of the Drug Ring, and to prevent harm to Sanchez.

12. Defendant Matthew Burke at all times relevant to this complaint was employed as the Chief of Staff of the CCDOC, Cook County Sherriff's Office and was responsible for implementation of the policies, practices and/or customs of the Jail and obligated to supervise the conduct of the officers and staff at the Jail, to investigate and end the ongoing operation of the Drug Ring, and to prevent harm to Sanchez.

13. Defendant Tarry Williams at all times relevant to this complaint was employed as a Chief of Operations of the CCDOC, Cook County Sherriff's Office and was responsible for implementation of the policies, practices and/or customs of the Jail and obligated to supervise the conduct of the officers and staff at the Jail, to investigate and end the ongoing operation of the Drug Ring, and to prevent harm to Sanchez.

14. Defendant Jeff Johnsen at all times relevant to this complaint was employed as a Chief of Operations of the CCDOC, Cook County Sherriff's Office and was responsible for implementation of the policies, practices and/or customs of the Jail and obligated to supervise the conduct of the officers and staff at the Jail, to investigate and end the ongoing operation of the Drug Ring, and to prevent harm to Sanchez.

15. Defendant Greer at all times relevant to this complaint was employed by CCDOC, Cook County Sheriff's Office, at the Jail as a Lieutenant ("Lt.") in Division X. Defendant Greer had the authority and obligation to supervise other staff members at the Jail and prevent harm to Sanchez. Defendant Greer was a member and participant of the Drug Ring.

16. Defendant Correctional Officer ("CO") B. Jefferson at all times relevant to this complaint was employed by CCDOC, Cook County Sheriff's Office, at the Jail as a Correctional Officer ("CO") in Division VI. Defendant Jefferson was a member and participant of the Drug Ring.

17. Defendant Perry at all times relevant to this complaint was employed by CCDOC, Cook County Sheriff's Office, at the Jail as a CO in Division VI. Defendant Perry was a member and participant of the Drug Ring.

18. Defendant Llerenas at all times relevant to this complaint was employed by CCDOC, Cook County Sheriff's Office, at the Jail as a CO in Division VIII RTU. On information and belief, Defendant Llerenas was a member and participant of the Drug Ring.

19. Defendant Medina at all times relevant to this complaint was employed by CCDOC, Cook County Sheriff's Office, at the Jail as a CO in Division X. Defendant Medina was a member and participant of the Drug Ring.

20. Defendant Monroy at all times relevant to this complaint was employed by Cook County Department of Corrections CCDOC, Cook County Sheriff's Office, at the Jail as a CO in Div. X. Defendant Monroy was a member and participant of the Drug Ring.

21. Defendant Cook County of Illinois is named defendant pursuant to <u>Carver v. Sheriff of LaSalle County</u>, 324 F.3d 947 (7th Cir 2003) as a necessary party to the extent damages are sought against the elected individual defendants in their official capacity.

22. The true names and capacities of defendants John and Jane Does are not known to Sanchez at this time and are sued by fictitious names. The John and Jane Does defendants include officers and staff members at the Jail who participated in a conspiracy, plan or scheme to intimidate and deter Sanchez from cooperating with the Drug Ring investigation, as set forth below.

23. Each Defendant acted under color of law at all times relevant to this complaint.

## STATEMENT OF FACTS

24. Sanchez was a detainee at the Jail during the pendency of the lawsuit against him captioned <u>People v. Eddie Sanchez</u>, 17 CR 0176601, pending in the Fourth Municipal District Circuit Court of Cook County, Illinois. (Pending Lawsuit"). The Pending Lawsuit was terminated by a plea agreement on May 1, 2018.

25. At some point during his detention, Sanchez learned about the Drug Ring run by detainee Malcom Thomas ("Thomas") in Division VIII RTU and the officers in Divisions VI, VIII RTU, IX and X of the Jail. The Drug Ring supplied detainees with contraband, like cell phones, and drugs, like marijuana, cocaine, and heroin. Detainees' orders for contraband were placed with Thomas, who had outside suppliers, and the contraband was smuggled into the Jail by participating Jail staff.

5

26. Sanchez had obtained marijuana from Defendant Jefferson while he was in Division VI, but was caught in February 2017. In March 2017, he was interviewed at the same time by Defendants Tapia, Burke, Williams, and Johnsen in the Intelligence Division Office located in Division V. They told Sanchez that he would not be disciplined if he became a confidential informant and cooperated in the investigation of the Drug Ring, that he would not be disclosed and would be kept safe and away from the drug gang, and would be transferred out of the Jail if necessary. Sanchez was told that the matter had been discussed with the Sheriff, Defendant Dart, and Defendant Dart had already given authority to drop the charges against Sanchez if he cooperated with the investigation. He was given their contact information to be used as a snitch. Given the promises, Sanchez agreed to cooperate and become a confidential informant and identified Defendants Jefferson and Perry as members of the Drug Ring. Despite the promises, said Defendants failed to protect him or transfer him out of the Jail.

27. In or about April 2017 Defendant Jefferson learned that Sanchez was cooperating with the Sheriff's office and shared that information with his comrades in the Drug Ring. This included Thomas, who coordinated the supply of contraband and was a detainee in Division VIII RTU.

28. On May 3, 2017, Defendant Perry was taking Sanchez to the dispensary cursing and shouting at him. Defendant Jefferson came into the hallway in Division VI, shoved Sanchez against the wall, and placed him in handcuffs from behind. He grabbed and squeezed hard Sanchez's testicles saying Sanchez had "big balls" to be snitching on them. The sexual assault by Defendant Jefferson was done in retaliation for Sanchez's cooperation with the Sheriff's Office and to intimidate and deter him. Sanchez filed a grievance and complaint with the Office of Professional Review ("OPR"). See Exhibit 1.

6

29. Despite having knowledge that Defendants Jefferson and Perry were members of the Drug Ring and would likely retaliate against Sanchez, Defendants Dart, Tapia, Burke, Williams, and Johnsen did not take any reasonable steps to protect Sanchez from harm.

30. On May 24, 2017, on Sanchez's request for fear of his safety, an order was entered in the Pending Lawsuit ordering Sanchez to be transferred to Livingston County while the Pending Lawsuit was ongoing. See Exhibit 2. On information and belief, that order was sent to CCDOC but was never followed by CCDOC.

31. After the sexual assault and filing of the grievance, in May 2017 Sanchez was transferred to the same wing in Division VIII RTU where Thomas was housed. The transfer to Division VIII RTU was done in furtherance of the Drug Ring member Defendants' conspiracy and plan to intimidate, retaliate, and deter Sanchez from cooperating with the Sheriff's Office.

32. On July 12, 2017, in the afternoon, Sanchez was in cell 9 in Division VIII RTU, Tier-3A watching television. The chuck hole for the food tray was broken and remained open. Thomas was allowed to be in the hallway outside his cell. Defendant Llerenas spoke with Thomas, unlocked the storage closet, and left without supervising Thomas. Thomas grabbed a push broom from the open storage closet and charged at Sanchez in cell 9. He pushed the broom through the broken opening and struck Sanchez in the upper body several times, badly bruising his ribcage. Sanchez was taken to the infirmary for treatment of his injury. The attack by Thomas was done in retaliation for Sanchez being a snitch. Sanchez filed a grievance the next day and a complaint with OPR. See Exhibits 3, 4.

33. On July 26, 2017, another order was entered in the Pending Lawsuit ordering Sanchez to be housed out of Cook County during the case. See Exhibit 5. On information and belief, that order was sent to CCDOC but was never followed by CCDOC.

7

34. In March 2018, Sanchez was transferred to Division X. On March 10, 2018, under supervision and orders of Defendant Greer, Defendants Medina and Monroy entered Sanchez's cell in Division X and confiscated and destroyed Sanchez's personal property, including legal books and materials, folders with lawyer and court information, legal letters, personal books, and family pictures because he had cooperated with the investigation of the Drug Ring. Defendant Greer told Sanchez that this was "payback" for being a snitch. This was another act in furtherance of the continuing conspiracy and plan to retaliate against, intimidate and deter Sanchez. Sanchez filed a grievance. See Exhibit 6.

35. On March 17, 2018, Sanchez filed a grievance because he had not been shipped out of the Cook County Jail as required by the court orders and promised by Defendants. See Exhibit 7.

36. On March 21, 2018, the Sheriff's Office notified Sanchez that he will not be transferred to Livingston County. See Exhibit 8.

37. The numerous acts by Defendants constituted continuing harm to Sanchez and were a continuing violation of his constitutional rights.

38. Based upon the March 2017 meeting, oral communications, Circuit Court orders, and grievance filings, Defendants Dart, Tapia, Burke, Williams, and Johnsen had knowledge of the Drug Ring operation and the risk of harm to Sanchez by cooperating in their investigation but took no reasonable steps to prevent harm and injury to Sanchez. Their inaction resulted in two assaults of Sanchez and the destruction of his property in retaliation for him being a snitch.

## COUNT I

**(Deprivation of Substantive Due Process Rights Under the Fourteenth Amendment)**

39. Sanchez repeats and realleges paragraphs 1 through 38 as paragraph 39.

40. Defendants Dart, Tapia, Burke, Williams, and Johnsen had knowledge of the risk of harm to Sanchez and had a duty to protect Sanchez from violence at the hands of other detainees and staff members. All Defendants had a duty to take reasonable steps to prevent and protect Sanchez from violence and physical harm. All Defendants acted with deliberate indifference to Sanchez's personal safety and to substantial risk of serious harm to Sanchez by not taking measures to abate the risk.

41. All Defendants violated the due process clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983 by a failure of the duty to protect Sanchez, as a pretrial detainee, from physical assaults and injury caused by Thomas and Defendant Jefferson, destruction of his personal property, and abuse by Jail officers.

42. As a direct and proximate cause of the failure of the duty to protect, Sanchez suffered injuries, including:

    a. Bodily injury caused by the assaults and

    b. Mental and emotional distress caused by the assaults and abuse and fear for his safety.

Sanchez continues to suffer from his bodily injury and mental and emotional distress.

## COUNT II

### (Deprivation of Free Speech and Redress of Grievances Rights Under the First Amendment)

43. Sanchez repeats and realleges paragraphs 1 through 38 as paragraph 43.

44. Defendants violated the First Amendment to The Constitution of the United States and 42 U.S.C. § 1983 by interfering with Sanchez's exercise of his rights thereunder by (a) allowing and participating in retaliation for Sanchez's exercise of his right to free speech in cooperating with the investigation of the Drug Ring and (b) by confiscating and destroying his legal materials and documents to impede and delay his right to access courts and petition for grievances. Sanchez had to resort to the Freedom of Information Act and other avenues to obtain copies of the confiscated documents which delayed the bringing of this lawsuit.

45. As a direct and proximate cause of the interference with his rights, Sanchez suffered injuries, including:

    a. Bodily injury caused by the assaults;

    b. Mental and emotional distress caused by the assaults and abuse and fear for his safety; and

    c. Loss of personal property.

Sanchez continues to suffer from his bodily injury and mental and emotional distress.

### REQUEST FOR RELIEF

WHEREFORE Sanchez requests that the Court enter an order:

(a) declaring that Defendants' conduct as described in this complaint is unlawful;

(b) awarding Plaintiff compensatory and punitive damages, in a sum to be determined by the jury upon trial of this case;

(c)      awarding his attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d)      awarding such further relief as may be required to do justice between the parties.

## TRIAL BY JURY DEMANDED

Plaintiff Sanchez demands trial by jury.

Dated: December 16, 2019                            /s/ Juris Kins

                                                                                   ARDC No. 1468405
                                                                                   Davis McGrath LLC
                                                                                   125 South Wacker Drive, Ste 1380.
                                                                                   Chicago, IL 60606
                                                                                    (312) 332-3033