UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Eddie Sanchez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Marvin E. Aspen |
| | ) | Case No. 1:19-cv-4139 |
| Thomas Dart, et al. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil rights lawsuit is about an in inmate who claims he was retaliated against for serving as a confidential informant into an officer-run jailhouse contraband ring. (Amend. Compl. (Dkt. No. 23) ¶¶ 1, 28.) Plaintiff Eddie Sanchez ("Plaintiff") brings two counts: deprivation of his due process and free speech rights. (*Id.* at ¶¶ 39 – 45.) All named individual defendants answered the amended complaint except one, Defendant Cook County Sheriff Thomas Dart ("Dart"). (*See* Dkt. No. 47.) Presently before us is Defendant Dart's Rule 12(b)(6) motion to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted. (Mot. (Dkt. No. 45).) Also before us is Plaintiff's Motion for the Reimbursement of $231.35 into his Inmate Trust Fund Account. (Dkt. No. 26.) For the following reasons, we deny both motions.[1] (Plaintiff's Mot. (Dkt. No. 26); Dart's Mot. (Dkt. No. 45).)

---

[1] We deny Plaintiff's motion for a $231.35 reimbursement because we ordered Plaintiff's trust fund officer deduct his income until his accrued filing fees were paid. We first ordered a 40% deduction. ((Dkt. No. 5) ("Plaintiff's trust fund officer must collect 40% of all income into Plaintiff's trust account until accrued filing fees are paid.")) Then we issued a similar Order in Plaintiff's other case before us for the remaining 60%. *Sanchez v. Miles*, 19-cv-4143 (Dkt. No. 5) ("Plaintiff's trust fund officer must collect 60% of all income into Plaintiff's trust account until accrued filing fees are paid.") We thus find that Plaintiff's trust fund officer appropriately collected 100% of all its income until accrued filing fees were paid per our two orders. Plaintiff's motion for reimbursement is denied. (Dkt. No. 26.)

## I. BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and are deemed true for the purposes of this motion. See *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

At all times relevant to this lawsuit, Defendant Dart was the Sheriff of Cook County, Illinois and was ultimately responsible for administration and implementation of the policies, practices, and/or customs of its jail. (Amend. Compl. (Dkt. No. 23) ¶ 10.) He was also responsible for supervising officer conduct and jail staff and, among other things, to prevent the operation of contraband rings within the jail. (*Id.*) According to the Amended Complaint, Dart was personally involved in the investigatory operation into a ring that used Plaintiff's confidential informant role. (*Id.* ¶ 26.)

Plaintiff was caught buying marijuana from an officer who worked in a jailhouse contraband ring. (*Id.* ¶ 26.) After he was caught, he was interviewed by Defendant Officers Tapia, Burke, Williams, and Johnsen. (*Id.*) They told Plaintiff that he would not be disciplined if he became a confidential information into the ring, and that they would protect him and would transfer him out of the jail if necessary. (*Id.*) Plaintiff was told that the matter had been discussed with Dart, and that Dart had given authority to drop his charges if he cooperated. (*Id.*) Based on these supposed promises, Plaintiff agreed to the plan. (*Id.*) But despite these promises and Plaintiff's assent, he contends that he was retaliated against and that the defendants (including Dart) failed to protect him. (*Id.*)

As an example of the failure to protect against retaliation, Plaintiff alleges that on May 3, 2017, Defendant Perry cursed and shouted at him while Defendant Jefferson shoved him against the wall, handcuffed him, and squeezed his testicles with hard force while saying he had "big

balls" to snitch on them. (Amend. Compl. ¶ 28; *id.*, Ex. 1 (Dkt. No. 23-1) at 2.) Plaintiff alleges that Dart had knowledge that Defendants Jefferson and Perry were members of the ring and would likely retaliate against Plaintiff, yet Dart did not take any reasonable steps to protect Plaintiff from them. (Amend. Compl. ¶ 28.) After formally reporting this retaliatory sexual assault, Plaintiff was transferred to the same wing in the same division that housed the inmate allegedly leading the ring, Inmate Thomas. (*Id.* ¶¶ 28 – 31.)[2] Once there, Defendant Officer Llerenas spoke with Inmate Thomas (who Plaintiff served as a confidential informant against), unlocked a storage closet, and left Inmate Thomas unsupervised while Sanchez was nearby with the apparent forethought that Thomas would attack Plaintiff. (*Id.* ¶ 32.) Inmate Thomas proceeded to take a broom from the open storage closet and used it to strike Sanchez several times. (*Id.*) Plaintiff alleges that this attack was done in retaliation for Sanchez's snitching. (*Id.*) Two weeks later, a state court judge ordered Plaintiff be housed out of Cook County, and for a second time, that Order was apparently disobeyed. (*Id.* ¶¶ 24 and 33).

In March 2018, under the supervision and orders of Defendant Officer Greer, Defendant Officers Medina and Monroy entered Sanchez's cell and destroyed his personal property. (*Id.* ¶ 34.) This personal property included legal books, folders with lawyer and court information, legal letters, personal books, and family pictures. (*Id.*) Plaintiff alleges retaliatory motive by citing Defendant Officer Greer's statement that it was "payback" for snitching. (*Id.*) Again, Plaintiff alleges that the defendants (including Dart) did not take any reasonable steps to protect Plaintiff from this type of retaliatory conduct. (*See, e.g.*, *id.* ¶ 28.)

---

[2] Particularly concerning is that Plaintiff alleges that a few weeks after this incident a state court judge ordered Plaintiff be transferred away to Livingston County, but that order was apparently disobeyed. (*Id.* ¶¶ 24 and 30.)

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the legal sufficiency of the complaint, not to decide the merits of the case. *See McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012); *see also Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In evaluating a motion to dismiss, we "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor."  *Tamayo*, 526 F.3d at 1081.  A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.

## III.  ANALYSIS

Liability under 42 U.S. Code § 1983 requires a defendant's personal involvement in the alleged constitutional violation. *See, e.g.*, *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) ("to be liable under § 1983, an individual defendant must have caused or participated

4

in a constitutional deprivation.") (internal citations omitted).[3] An official satisfies the personal responsibility requirement if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Brown v. Bryant*, No. 15 C 10445, 2018 WL 2201584, at *3 (N.D. Ill. May 14, 2018) (Castillo, J.) (citing *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012)).

Plaintiff pleads generally that the defendants collectively failed to protect him and his personal property from retaliatory harm. The key facts pleaded against Dart are that he was an administrator and supervisor; that Plaintiff "was told that" the confidential information agreement "had been discussed with the Sheriff, Defendant Dart[,] and Defendant Dart had already given authority to drop the charges against Sanchez if he cooperated with the investigation"; and that Dart had knowledge about the ring and Plaintiff's informant status yet did not take any reasonable steps to protect Plaintiff. (Amend. Compl. ¶¶ 10, 26, 29, and 38.).

At this juncture, Plaintiff need not actually prove his case. Instead, all he must do is show that these facts, accepted as true, are enough to state a claim for upon which relief may be granted. *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. We find that, although minimal, these foregoing allegations against Dart plausibly allege that Dart had personal involvement in the investigation (including Plaintiff's role), acquiesced to the real retaliatory risks Plaintiff incurred, and did not take any reasonable steps to protect him like transferring him to another jail as a state court judge twice ordered. (*See id.* ¶¶ 26, 29, and 38.) *See, e.g.*, *Matthews*, 675 F.3d at 708 (7th Cir. 2012); *Brown*, 2018 WL 2201584, at *3. We deny Dart's motion. (Dkt. No. 45.)

---

[3] Dart argues in part that Plaintiff's lawsuit is legally deficient because § 1983 does not give rise to liability under a *respondeat superior* theory. But Plaintiff does not proceed under such a theory. (Pl.'s Resp. (Dkt. No. 50) at 4.) So we need not address how such a theory would be legally deficient.

## CONCLUSION

For the above reasons, we deny Defendant Dart's Motion to Dismiss and Plaintiff's Motion for Reimbursement. (Dkt. Nos. 26 and 45.)

                                                                     Marvin E. Aspen
                                                                 United States District Judge

Dated: April 30, 2020
Chicago, Illinois